|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| THE ESTATE OF GORDON ("CASEY") POWELL, et al., | CASE NO. C16-0352JLR |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' UNOPPOSED MOTION FOR AN AMENDMENT TO THE CASE SCHEUDLE |
| v. | |
| GARY BARNES, et al., | |
| Defendants. | |

Before the court is Defendants Arthur Davis, Adam Deal, and Donetee Rotta's (collectively, "New Defendants") unopposed motion for an amendment of the court's scheduling order. (*See* Mot. (Dkt. # 47)); *see also* Sched. Ord. (Dkt. # 13).) Having considered the motion, the court GRANTS in part and DENIES in part New Defendants' motion.

This case has been pending since March 9, 2016, and involves allegations that Benjamin Price, an inmate at Monroe Corrections Complex assaulted another inmate, Gordon Powell, who later died of his injuries. (*See* Compl. (Dkt. # 1).) On January 9,

ORDER - 1

2017, the court granted the parties' stipulated motion to amend the complaint and to add parties. (1/9/17 Order (Dkt. # 40).) New Defendants are the parties added to the amended complaint.[1] (*See* Am. Compl. (Dkt. # 41) ¶¶ 15-17.) The trial in this matter is scheduled to begin on July 10, 2017; the discovery cutoff is March 13, 2017; and dispositive motions are due by April 11, 2017. (Sched. Ord. at 1.) New Defendants seek an extension of the trial date to January 29, 2018, and corresponding extensions of the discovery cutoff and related deadlines.

Rule 16 governs modification of a case schedule, and states that "[a] schedule should not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). Unlike Rule 15's liberal amendment policy, Rule 16 predominantly focuses on the moving party's reasons for seeking modification, its diligence, and the prejudice to the party opposing modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. New Defendants have less than two months to engage in discovery prior to the present cutoff. (*See* Sched. Ord. at 1.) "Given that the [c]ourt has granted [the parties' stipulated] motion to amend the complaint to add . . . new part[ies] . . . , there is necessarily good cause to amend the scheduling order with respect to the case management deadlines." *McFall v. Stacy &*

//

---

[1] Although New Defendants, like the original Defendants, are represented by the Attorney General's Office of the State of Washington ("AG's Office"), the court notes that New Defendants have been assigned a different Assistant Attorney General from the AG's Office. (*See* Not. of App.. (Dkt. # 43).)

ORDER - 2

*Witbeck, Inc.*, No. 14-CV-04150-JSC, 2016 WL 2851589, at *4 (N.D. Cal. May 16, 2016).

New Defendants seek a new trial date of January 29, 2018.  (Mot. at 2.)  This trial date, however, is not available on the court's calendar.  The court's next available trial date is February 12, 2018.  Accordingly, the court GRANTS in part and DENIES in part New Defendants' motion (Dkt. # 47).  The court DENIES New Defendants' request for a trial date of January 29, 2018, but GRANTS an extension of the present trial date to February 12, 2018.  In addition, the court DIRECTS the Clerk to issue an amended scheduling order with new pretrial deadlines based on the new trial date.

Dated this 23rd day of January, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 3